# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL CHRISTOPHER, | Civil No. 13cv1586-BTM(PCL) |
|---|---|
| Petitioner, | **ORDER:** |
| vs. | **(1) DISMISSING PETITION FOR FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS; and** |
| DIR. DEPT. CALIFORNIA CORRECTIONS, et al. | |
| Respondent. | **(2) DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |

On July 5, 2013, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a Motion for leave to proceed in forma pauperis.

**FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner states he challenges as "unconstitutional" his "conditions of confinement," in particular "Respondent's involuntary housing policy." Petitioner's claim is not cognizable on habeas because it does not challenge the constitutional validity or duration of confinement. See 28 U.S.C. 2254(a); Preiser v. Rodriguez, 411 U.S. 475,

500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." McGuire v. Blubaum, 376 F. Supp. 284, 285 (D. Ariz. 1974). Petitioner does not claim his state court conviction violates the Constitution or laws or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. See Preiser, 411 U.S. Id. at 500. On the other hand, challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See id. at 499-500. A § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; see Hill v. McDonough, 547 U.S. 573, 579 (2006). Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Thus, he has not stated a cognizable habeas claim pursuant to § 2254.

**IMPROPER VENUE**

Petitioner is raising a conditions of confinement claim while incarcerated at the California Rehabilitation Center in Norco, California. That facility is located in Riverside County in the Central District, Eastern Division. The Southern District is an improper venue in which to bring Petitioner's condition of confinement claim. Accordingly, if Petitioner wishes to pursue his claim, he must do so by filing a complaint pursuant to 42 U.S.C. § 1983 in the Central District, Eastern Division that comports with the rules of that district and the filing fee requirements for initiating a civil complaint.

**IN FORMA PAUPERIS REQUEST IS MOOT**

Petitioner filed a Motion for leave to proceed in forma pauperis accompanying his habeas petition. However, as venue is improper in this judicial district, and the case is dismissed for

failure to state a cognizable claim on habeas corpus, his request to prosecute his habeas petition without being required to prepay fees or costs or to post security is moot.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Petitioner's request to proceed in forma pauperis as moot and **DISMISSES** this case without prejudice for failure to state a cognizable claim on habeas corpus. **IT IS HEREBY ADJUDGED THAT JUDGMENT BE ENTERED DISMISSING THE PETITION AND THE ACTION.**

**IT IS SO ORDERED.**

DATED: July 15, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

CC: ALL PARTIES